CHARLES B. PERKINS #126942
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
Email: cbperk@earthlink.net

Attorney for Plaintiff
LOUISE BERTAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BERTAO,<br><br>    Plaintiff,<br><br>vs.<br><br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY,<br>CHUBB & SON, INC., LONG TERM<br>DISABILITY PLAN,<br><br>    Defendants. | Case No.  C07 05808 JF PVT<br><br>COMPLAINT FOR DAMAGES (*29 U.S.C. §1132 (a)(1)(B)* |

Plaintiff alleges:

1.     Plaintiff obtained the long-term disability coverage at issue while she lived and worked in Santa Clara County, in the above-captioned judicial district. The actions complained of occurred while Plaintiff resided in Santa Clara County.

2.     Defendant Chubb & Son, Inc. Long Term Disability Plan (hereinafter "LTD Plan") is an employee benefit plan established pursuant to the Employee Retirement Income Security Act of 1974, *29 USC §1001, et seq*. ("ERISA").

3.     Connecticut General Life Insurance Company (hereinafter "CIGNA") is an insurance company which is domiciled in the State of Connecticut, and is duly authorized to transact the business of insurance in the State of California.

4.  The benefits provided pursuant to the LTD Plan are insured by CIGNA. Decisions respecting payment of benefits due under the LTD Plan and responses to appeals of denials of benefits are made by CIGNA, which functions as the plan administrator for insured claims.

5.  The LTD Plan provides benefits to plan beneficiaries in the above-captioned judicial district.

6.  Venue is proper as Defendants may be found in this district, and as Plaintiff resides in Santa Clara County.

7.  This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

8.  Plaintiff became an employee of Chubb & Sons, Inc. in 1977, and became a beneficiary of the LTD Plan. The LTD Plan provides for the payment of benefits under the CIGNA insurance policy if plan beneficiaries become disabled, defined as follows:

> TOTAL DISABILITY. An employee will be considered Totally Disabled if, because of Injury or Sickness, he is unable to perform the essential duties of his occupation.
>
> After Monthly Benefits have been payable for 24 months, and Employee will be considered Totally Disabled only if, because of Injury or Sickness, he is unable to perform the essential duties of any occupation for which he is, or may reasonably become, qualified based on his education, training or experience.

9.  During her employment by Chubb & Son, Inc., Plaintiff worked in the underwriting department. As of February, 1993, her job title was Senior Underwriter, and she was earning about $4,441.73 per month.

10. Plaintiff developed psoriasis as a child, although it was not formally diagnosed until about 1986. In August, 1986, Plaintiff was found to be suffering from psoriatic arthritis in her knees and fingers, and it has spread to her toes,

hands, wrists, shoulders, neck, spine and hips.

11. In about September, 1992, Plaintiff's left Achilles tendon ruptured, and her leg was placed in a cast for about three months. While her left leg was in the cast, she began to develop severe pain in the leg, which has been diagnosed as Reflex Sympathetic Dystrophy (RSD). Plaintiff attempted to return to work at Chubb & Sons, Inc. in January, 1993, but was unable to perform the duties of her occupation, and became disabled as of February 12, 1993.

12. Plaintiff made her claim to CIGNA for long-term disability benefits due under the LTD Plan. CIGNA accepted her claim and benefits were paid.

13. Plaintiff was found to be disabled by the Social Security Administration, and CIGNA offset her Social Security benefits from the amount paid under the LTD Plan.

14. In November, 1996, CIGNA had Plaintiff evaluated by Bruce Dreyfuss, MD, a rheumatologist in San Jose. Based on his review of records and examination, his diagnoses included: 1) psoriasis, severe; 2) psoriatic arthritis involving the hands, wrists, cervical and lumbar spine; 3) ruptured Achilles tendon, left; 4) and, Reflex Sympathetic Dystrophy, left leg, secondary to #3. Dr. Dreyfuss found that Plaintiff was totally and completely disabled from any gainful employment due to limitations in her capacity to walk, lift, push, pull, stand, and her overall endurance. He noted that she was incapable of sitting for more than a few minutes at a time due to leg pain and further noted that her upper extremity limitations would prevent her from performing secretarial or administrative duties, even if she was lying down in bed.

15. CIGNA terminated Plaintiff's disability benefits due under the LTD Plan by letter dated November 23, 2004.

16. Following the denial of Plaintiff's claim, CIGNA received a letter from

Plaintiff's treating physician, Cathy Riker, MD. Dr. Riker's letter was sent in response to a letter dated November 15, 2007 from CIGNA. Dr. Riker's letter stated her opinion that Plaintiff has extremely active psoriatic arthritis superimposed on Reflex Sympathetic Dystrophy.

17. CIGNA treated the letter from Dr. Riker as an appeal, and denied the appeal by a letter dated March 9, 2005.

18. CIGNA's March 9, 2005 denial letter offered Plaintiff the opportunity to submit a second appeal from the denial of her claim.

19. Plaintiff retained counsel and submitted an appeal dated September 2, 2005. The additional evidence submitted with the September 2, 2005 appeal included a report from Dr. Riker summarizing Plaintiff's disabling limitations caused by psoriatic arthritis and RSD.

20. Plaintiff's September 2, 2005 letter advised that further evidence would be submitted, and asked CIGNA to delay starting its review until the additional evidence was submitted.

21. By letter dated December 9, 2005 from Plaintiff's counsel to CIGNA, Plaintiff submitted additional evidence in support of her appeal, consisting of an independent medical report dated December 5, 2005 from Tracey Robinson, MD. Dr. Robinson's diagnoses include psoriatic arthritis, diffuse plaque psoriasis, and Reflex Sympathetic Dystrophy. Dr. Robinson's opinion is that Plaintiff is more disabled than 95% of the patients that she sees who are on chronic disability, and she supports Plaintiff's application for reinstatement of complete and permanent disability.

22. By letter dated January 30, 2006, Plaintiff submitted additional evidence in support of her appeal, including an independent medical report from David L. Kneapler, MD, dated December 26, 2005. Dr. Kneapler found active

arthritis of multiple joints, psoriatic spondylitis of the spine, extensive psoriasis, and physical findings consistent with CRPS (RSD) of the ankles.  His opinion was that Plaintiff cannot return to her usual and customary occupation and is not retrainable for any occupation for which she is eligible by training, experience or education.

23.   By letter dated March 23, 2006, CIGNA issued a final denial of Plaintiff's appeals.  In denying Plaintiff's appeals, CIGNA did not obtain any new medical information, and did not even acknowledge Dr. Robinson's opinion, thereby failing to perform a full and fair review, as required by 29 USC 1133.

24.   The denials of Plaintiff's claim and appeals were wrongful because Plaintiff is disabled as defined by the LTD Plan due to restrictions and limitations caused by psoriatic arthritis, psoriatic spondylitis, extensive psoriasis, and RSD.

25.   The denials of Plaintiff's claim and appeals are not supported by substantial evidence.

26.   CIGNA's denials of Plaintiff's claim and appeals were made in bad faith.

27.   Due to its actions in off-setting Plaintiff's award of Social Security disability benefits, CIGNA is estopped from disputing the Social Security Administration's finding that Plaintiff is totally disabled.

28.   In terminating Plaintiff's claim and denying her appeals, CIGNA operated under an actual conflict of interest which affected its claims decisions.

29.   Plaintiff's claim should be reviewed by the Court *de novo* because the LTD plan does not contain a grant of discretion.

30.   Plaintiff has exhausted the administrative appeal procedures provided for in the LTD Plan.

31.   As a result of the actions of Defendants, and each of them, as above

alleged, Plaintiff has been deprived of the long-term disability benefits to which she is entitled as a disabled former employee of Chubb & Sons, Inc.

32. Plaintiff's basic monthly disability benefit under the LTD Plan is $3,109.00. This is subject to an offset for Social Security Disability Benefits in the amount of $1,182.00 per month, leaving an amount due of $1,927.00 per month since December 1, 2004.

33. Plaintiff is entitled to attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff brings this action to recover benefits due to her under the terms of the LTD Plan, to enforce her rights under the terms of the LTD Plan, and to clarify her rights to future benefits under the terms of the LTD Plan.

35. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff seeks appropriate equitable relief in the form of an order reinstating her disability benefits and requiring CIGNA to pay her benefits in the absence of clear and convincing evidence that her condition has improved.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1) For long term disability benefits due from December 1, 2004, through the date of judgment, at the rate of $1.927.00 per month, and interest thereon;

(2) For an order reinstating Plaintiff into the LTD plan and requiring payment of future long term disability benefits;

(3) For restoration and continuation of all associated benefits which Plaintiff is entitled to as a disabled employee of Chubb & Son, Inc;

(4) For reasonable attorneys' fees and costs; and,

(5) For such other and further relief as the Court may deem just and proper.

DATE: <u>November 14, 2007</u>                    FLYNN, ROSE & PERKINS

By ___/s/___Charles B. Perkins___
CHARLES B. PERKINS
Attorney for Plaintiff