ADRIENNE C. PUBLICOVER (SBN 161432)
SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:    (415) 433-0990
Fax:    (415) 434-1370

Attorneys for Defendants
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY AND CHUBB & SON, INC. LONG
TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BERTAO,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CHUBB & SON, INC. LONG TERM DISABILITY PLAN,<br><br>    Defendants. | CASE NO.    CV07-05808 JF<br><br>**CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CHUBB & SON INC. LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Courtroom    :    3<br>Honorable Jeremy Fogel<br><br>Filing Date    :    November 15, 2007 |

Defendants Connecticut General Life Insurance Company ("Connecticut General") and Chubb & Son Inc. Long Term Disability Plan ("the Plan') (collectively "Defendants") hereby answer the Complaint for Damages ("the Complaint") filed by Plaintiff Louise Bertao ("Plaintiff") as follows:

   1.    Answering the allegations in paragraph 1 of the Complaint, Defendants admit that the proper venue for this matter is the San Jose Branch of this Court.

   2.    Defendants admit the allegations in paragraph 2 of the Complaint.

---

1
**CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CHUBB & SON INC. LONG TERM
DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case #CV07-05808 JF
321752.1

3.    Defendants admit the allegations in paragraph 3 of the Complaint.

4.    Answering the allegations in paragraph 4 of the Complaint, Defendants admit that Connecticut General issued a group disability insurance policy ("the Policy") that provided the disability insurance coverage that is the subject of this matter. Defendants further admit that Connecticut General, as the claim administrator, makes benefit decisions on claims for benefits under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5.    Defendants admit the allegations in paragraph 5 of the Complaint.

6.    Defendants admit that venue is proper in this Court.

7.    Defendants admit that this Court has original jurisdiction.

8.    Answering the allegations in paragraph 8 of the Complaint, Defendants admit that documents in the claim file pertaining to Plaintiff's claim for disability benefits that is the subject of this matter ("Administrative Record") state that Plaintiff was hired by Chubb & Son Inc. ("Chubb") on January 10, 1977 and thereafter became a participant in the Plan. Defendants further admit that the Policy states the definition of disability that is controlling in this matter and the terms of that definition speak for themselves. Except as so admitted, Defendants deny the allegations in paragraph 8 of the Complaint.

9.    Answering the allegations in paragraph 9 of the Complaint, Defendants admit that documents in the Administrative Record state that Plaintiff's occupation on February 12, 1993 was Underwriting Unit Supervisor and her job title was Senior Underwriter. Plaintiff's monthly income in February 1993 was $4441.73. Except as so admitted, Defendants deny the allegations in paragraph 9 of the Complaint.

10.    Answering the allegations in paragraph 10 of the Complaint, Defendants admit that documents in the Administrative Record state that Plaintiff developed psoriasis in 1986 and that she has been diagnosed with psoriatic arthritis. Documents in the Administrative Record further

2

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CHUBB & SON INC. LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case #CV07-05808 JF
321752.1

state that the psoriatic arthritis has impacted some of her joints, her right hand particularly. Except as so admitted, Defendants deny the allegations in paragraph 10 of the Complaint.

11.  Answering the allegations in paragraph 11 of the Complaint, Defendants admit that documents in the Administrative Record state that Plaintiff ruptured her left Achilles tendon, that she was put in a cast as a result, and that she was diagnosed with Reflex Sympathetic Dystrophy ("RAD"). Defendants admit that Plaintiff attempted to return to work and that her last day of work at Chubb was February 12, 1993. Except as so admitted, Defendants deny the allegations in paragraph 11 of the Complaint.

12.  Answering the allegations in paragraph 12 of the Complaint, Defendants admit that Plaintiff made a claim for benefits under the Policy and that she received benefits under the Policy based on this claim. Except as so admitted, Defendants deny the allegations in paragraph 12 of the Complaint.

13.  Defendants admit the allegations in paragraph 13 of the Complaint.

14.  Answering the allegations in paragraph 14 of the Complaint, Defendants admit that the Administrative Record contains a December 3, 1996 report from Bruce J. Dreyfuss, M.D. The report speaks for itself. Defendants further admit that Dr. Dreyfuss discusses in the report Plaintiff's limitations and restrictions and states in the report that Plaintiff is disabled from gainful employment. Except as so admitted, Defendants deny the allegations in paragraph 14 of the Complaint.

15.  Answering the allegations in paragraph 15 of the Complaint, Defendants admit that in a letter dated November 23, 2004, Connecticut General advised Plaintiff that she no longer qualified for benefits under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 15 of the Complaint.

16.  Answering the allegations in paragraph 16 of the Complaint, Defendants admit that the Administrative Record contains a report by Cathy L. Riker, M.D. that is addressed to Mary W.

Vann of CIGNA Disability Management Solutions. The letter speaks for itself. Except as so admitted, Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint with the clarification that "CIGNA" is in fact Connecticut General.

18. Defendants admit the allegations in paragraph 18 of the Complaint with the clarification that "CIGNA" is in fact Connecticut General.

19. Answering the allegations in paragraph 19 of the Complaint, Defendants admit that counsel for Plaintiff submitted to Connecticut General on her behalf an appeal in a letter dated September 2, 2005. Counsel included additional information and documentation with the letter all of which speak for themselves. Except as so admitted, Defendants deny the allegations in paragraph 19 of the Complaint.

20. Answering the allegations in paragraph 20 of the Complaint, Defendants admit that the September 2, 2005 letter from Plaintiff's counsel requested that Connecticut General hold off on its review for 45 days. Except as so admitted, Defendants deny the allegations in paragraph 20 of the Complaint.

21. Answering the allegations in paragraph 21 of the Complaint, Defendants admit that Plaintiff's counsel sent a letter dated December 9, 2005 and, enclosed in the letter, was a December 5, 2005 report by Tracey Robinson, M.D. The letter and the report speak for themselves. Except as so admitted, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Answering the allegations in paragraph 22 of the Complaint, Defendants admit that Plaintiff's counsel sent a letter dated January 30, 2006 and included with the letter additional documentation, including a December 26, 2005 report by David L. Kneapler, M.D. The letter and the documentation speak for themselves. Except as so admitted, Defendants deny the allegations in paragraph 22 of the Complaint.

23. Answering the allegations in paragraph 23 of the Complaint, Defendants admit that Connecticut General upheld its denial of the Claim and communicated this decision in a letter dated March 23, 2006 to Plaintiff's counsel. Except as so admitted, Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28  Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Answering the allegations in paragraph 32 of the Complaint, Defendants admit that Plaintiff's base disability benefit is $3,109.00 per month, the Social Security offset is $1,182.00 per month, and the net monthly disability benefit is $1,927.00. Except as so admitted, Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny that Plaintiff is entitled to the relief described in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in the Prayer of the Complaint.

\\\

\\\

\\\

\\\

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants, and each of them.

### SECOND AFFIRMATIVE DEFENSE
### (Proper Claim Decision)

2, The claim decision was correct and proper under the terms of the Plan and the Policy.

### THIRD AFFIRMATIVE DEFENSE
### (Decision Not Arbitrary or Capricious)

3. Under the terms of the Policy, Connecticut General, as the Claim Administrator, is vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the Court under an abuse of discretion standard. The decision to deny Plaintiff's claim for continued long term disability benefits was not an abuse of discretion.

### FOURTH AFFIRMATIVE DEFENSE
### (Ineligibility for Coverage)

4. Plaintiff was not eligible for coverage under the Plan as she failed to demonstrate total disability under the terms of the Policy.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure To Satisfy Conditions Precedent)

5. Defendants, on information and belief, allege that Plaintiff's action against Defendants is barred because Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan sued upon.

\\\

\\\

### SIXTH AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

6. Defendants allege, on information and belief, that by her conduct or that of her agents, Plaintiff has waived, or is estopped to assert, every claim for relief against Defendants set forth in her Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
(Parol Evidence Rule)

7. Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

### EIGHTH AFFIRMATIVE DEFENSE
(Proper Party)

8. Connecticut General, as a claim administrator, is not a proper party to this action as Plaintiff cannot sue a claim administrator under ERISA for the alleged entitlement to benefits.

### NINTH AFFIRMATIVE DEFENSE
(Offsets)

9. Under the terms of the Policy, if the Court holds that Plaintiff is entitled to benefits as specified in the Policy, which Defendants deny, Defendants are entitled to set-off against the benefit payment any income received by Plaintiff as specified in the Policy including, but not limited to, any benefits Plaintiff has received from the Social Security Administration.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Comply with Plan Terms)

10. Defendants assert, on information and belief, that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

\\\
\\\
\\\

## ELEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

11. Defendants assert that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendants pray for judgment in its favor as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;

2. That Defendants be awarded their costs and expenses incurred in this action;

3. That Defendants be awarded their attorney's fees incurred in this action; and

4. That Defendants recover such other relief as the Court may deem just and proper.

Dated: January 28, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
ADRIENNE C. PUBLICOVER
SEAN P. NALTY
Attorneys for Defendants
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY AND CHUBB &
SON, INC. LONG TERM DISABILITY
PLAN

**CERTIFICATE OF SERVICE**
*Louise Bertao v. Connecticut General Life Insurance Company, et al.*
USDC NDCA Case #CV07-05808 JF

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CHUBB & SON INC. LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Charles B. Perkins, Esq.
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, CA 95030
Tel: (408) 399-4566
Fax: (408) 399-6683

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 28, 2008**, at San Francisco, California.

_____
M. Lisette Meyer

---

ANSWER TO PLAINTIFF'S COMPLAINT
321752.1                                       USDC NDCA Case #CV07-05808 JF